a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHRISTOPHER GEORGE SANDERS #94650/510422/330728, Plaintiff | CIVIL DOCKET NO. 1:22-CV-05353 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| RAYMOND LABORDE CORRECTIONAL CENTER ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Christopher George Sanders ("Sanders"). Sanders is an inmate at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Sanders alleges the denial of adequate medical care in violation of his constitutional rights.

Because Sanders fails to state a claim for which relief can be granted, his Complaint should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Sanders alleges that he has filed multiple sick calls due to chest pains related to asthma, and his requests for medical care were ignored. He names as Defendants: Dr. Launey, Nurse Practitioner Cormier, EMT Dyer, Nurse Practitioner Heather, Nurse Ann, and several "medical teams." He seeks monetary damages and a transfer to another facility.

1

In an Amended Complaint, Sanders specifies that he was examined by Nurse Practitioner Cormier ("Cormier") in the presence of EMT Dyer on August 29, 2022. ECF No. 11 at 1. Sanders advised Cormier that he had "constant chest pain, difficulty breathing, and burning of the chest due to constant spraying in the confined area of chemical agent. . . ." ECF No. 11 at 1. Sanders asked to resume breathing treatments because his inhalers (Arnuity and Albuterol) were not helping. *Id.*

Sanders alleges that he made emergency sick calls on September 14, 15, and 16, 2022, which were denied by Nurse Tasha, Nurse Sharon, and EMT Lunar. *Id.*

On November 29, 2022, Sanders was finally called for an appointment with Cormier and Nurse Sharon. He was provided a nebulizer for breathing treatments. *Id.*

## II. Law and Analysis

### A. Sanders's Complaint is subject to preliminary screening.

Sanders is a prisoner who has been granted leave to proceed in forma pauperis. ECF No. 7. As a prisoner seeking redress from an officer or employee of a governmental entity, Sanders's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding in forma pauperis, the Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for sua sponte dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be

2

granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

B. <u>Sanders fails to state an Eighth Amendment claim.</u>

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to the serious medical needs of prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 834, (1994); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Sanders essentially complains of a three month delay in obtaining a nebulizer for asthma. A delay in receiving medical care can only constitute an Eighth

Amendment violation if there has been deliberate indifference that results in substantial harm. *See Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).

First, Sanders does not sufficiently allege deliberate indifference. He was not denied medical care, as he acknowledges his access to two inhalers—Arnuity and Albuterol. He clearly disagrees with the course of treatment, but that is insufficient to state a constitutional claim. *See Norton v. Dimanzana*, 122 F.3d 286, 292 (5th Cir. 1997); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Even if Sanders met the deliberate indifference standard, he does not allege substantial harm. *See King v. Kilgore*, 98 F.3d 1338 (5th Cir. 1996) ("while an asthma attack is a serious and potentially deadly problem, even construed under the liberal standard due pro se pleadings, King has not alleged facts showing that he experienced substantial harm due to the delay"); *Mendenhall v. Wilson*, 5:07-CV-44, 2010 WL 958043, at *18 (E.D. Tex. Feb. 19, 2010), *report and recommendation adopted*, 2010 WL 958060 (E.D. Tex. Mar. 12, 2010); *Williams v. Certain Individual Employees of Texas Dep't of Criminal Justice-Institutional Div. at Jester III Unit, Richmond, Texas*, 480 F. App'x 251, 253 (5th Cir. 2010) (severe pain from deprivation of pain medication after leg amputation constitutes substantial harm); *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) (substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain); *Oxendine v. Kaplan*, 241 F.3d 1272 (10th Cir. 2001) (substantial harm where portion of finger lost to decay due to delay).

Additionally, Sanders is not entitled to a transfer to another facility because there is no constitutionally protected interest in being housed at a particular facility. *See Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)).

### III. Conclusion

Because Sanders fails to state a claim for which relief can be granted, IT IS RECOMMENDED that his Complaint (ECF Nos. 1, 11) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, February 21, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE